UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WOUNDED WARRIOR PROJECT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) 1:13-cv-01857-RLY-DML |
| HELP INDIANA VETS, INC., | ) |
| DEAN M. GRAHAM, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Wounded Warrior Project, Inc. ("WWP"), a nonprofit, is suing fellow nonprofit, Help Indiana Vets, Inc. ("HIVI") and its founder, Dean M. Graham (collectively "Defendants") for a post on HIVI's website. Specifically, WWP brings a claim for false advertising under the Lanham Act, 15 U.S.C. 1125(a)(1)(b), and five claims under Indiana law. Defendants, acting pro se, move to dismiss the complaint for three reasons: (1) no personal jurisdiction, (2) improper venue, and (3) failure to state a claim. For the reasons set forth below, the court **DENIES** the motion, but **ORDERS** the case transferred to the United States District Court for the Northern District of Indiana.

**I.    Background**

Wounded Warrior Project, Inc. is a nonprofit founded to provide comfort items to service members injured in combat post-September 11, 2001. (Complaint ¶ 7, Filing No. 1, at ECF p. 2-3). WWP's "mission is to raise awareness and enlist the public's aid for

the needs of injured service members; to help injured service members assist each other; and to provide unique programs and services which are specifically tailored to meet the needs of injured service members." (*Id.* at ¶ 8, Filing No. 1, at ECF p. 3). WWP has 427 employees at 15 office locations throughout the United States and in Germany. (*Id.* at ¶ 9, Filing No. 1, at ECF p. 3).

Graham, a veteran of the U.S. military, was injured in the line of duty in Iraq. (Declaration of Dean Graham ("Graham Dec.") ¶ 1, Filing No. 26-1). Upon his return to the United States, Graham founded and serves as president of Help Indiana Vets, Inc. (*Id.* ¶ 2, Filing No. 26-1). He operates HIVI out of his home in Columbia City, Indiana. (*Id.*, Filing No. 26-1). HIVI receives donor support in order to offer financial assistance to Indiana veterans. (Complaint ¶ 34, Filing No. 1, at ECF p. 13).

WWP alleges that, in or around November 2013, Defendants published false and misleading statements of fact about WWP on the HIVI website in a post titled "Wounded Warrior Project is a Fraud."[1] (*Id.* at ¶ 35, Filing No. 1, at ECF p. 13-14; *see also* Complaint Exhibit A ("Exhibit A"), Filing No. 1-1). In addition, this post prompted visitors to comment on the post and answer four questions. (*Id.* at ¶ 36, Filing No. 1, at ECF p. 14). While this post was displayed on the website, a PayPal link was to the right of the post. (*Id.* at ¶ 38, Filing No. 1, at ECF p. 14; *see also* Exhibit A, Filing No. 1-1).

Furthermore, on July 20, 2013, Graham sent an email to numerous government entities, government officials, and media outlets which contained additional allegations

---

[1] WWP lists several statements that were not included in the post shown in Exhibit A. Furthermore, the post included in Exhibit A was written before November 2013 as evidenced by the comments to that post.

that WWP is a fraud.  (*Id.* at ¶ 39, Filing No. 1, at ECF p. 15-16; *see also* Complaint Exhibit B, Filing No. 1-2).  WWP alleges these statements are false and misleading.

According to WWP, numerous WWP supporters were deceived by the comments posted by Graham and HIVI.  (*Id.* at ¶ 41, Filing No. 1, at ECF p. 17-19; *see also* Exhibit A, Filing No. 1-1).  In addition, the allegations have been reposted on social media forums.  (*Id.* at ¶ 42, Filing No. 1, at ECF p. 19-20; *see also* Complaint Exhibit C, Filing No. 1-3).  Further, WWP alleges that the statements "have caused a number of WWP supporters to cancel their ongoing donations to WWP."  (*Id.* at ¶ 43, Filing No. 1, at ECF p. 20; *see also* Complaint Exhibit D).

As a result, WWP brought the present lawsuit alleging: (1) false advertising under the Lanham Act; (2) criminal deception; (3) defamation; (4) unfair competition; (5) tortious interference with business relationships, and (6) unjust enrichment.  WWP seeks treble damages, attorneys' fees, and an injunction.  Defendants move to dismiss the claim for improper venue, lack of jurisdiction, and failure to state a claim.  The court will deal with each in turn.

**II.    Standard**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.  When considering a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of establishing proper venue.  See *Faur v. Sirius Intern. Ins. Corp.*, 391 F. Supp. 2d 650, 657 (N.D. Ill. 2005); *see also Bremen v. Zapata Off Shore Co.*, 407 U.S. 1, 18 (1972); *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969).  The court must take all allegations in the complaint as true, draw all reasonable

inferences in favor of the plaintiff, and may consider matters outside the complaint without converting the motion to one for summary judgment. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-810 (7th Cir. 2011).

### III. Discussion

#### A. Improper Venue

Defendants argue that venue is improper in the Southern District of Indiana the ("Southern District"), and would rather be proper in the Northern District of Indiana (the "Northern District"). In support, Graham states that he lives in Columbia City, Indiana, located in the Northern District and operates HIVI out of that home. (Graham Dec. ¶ 2, Filing No. 26-1). In addition, Graham states that all of the postings and activity contained in the complaint occurred in Columbia City, Indiana. (*Id.* at ¶ 3, Filing No. 26-1). WWP alleges that venue is proper because it is HIVI's "residence" and Defendants are residents of Indiana.

"Federal venue rules determine in which judicial district (among those that have the power to hear a given suit) a suit should be heard." *KM Enterprises, Inc. v. Global Traffic Techs. Inc.*, 725 F.3d 718, 724 (7th Cir. 2013). Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here it is undisputed that Defendants are residents of Indiana; therefore, for venue to be proper, HIVI must be a resident of the Southern District. Regarding HIVI, the statute provides in pertinent part,

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any

4

>   district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. . . .

28 U.S.C. § 1391(d).

Therefore, venue is proper if the contacts with the Southern District are sufficient to subject HIVI to personal jurisdiction here. WWP asserts that personal jurisdiction exists because HIVI is incorporated in Indianapolis, Indiana (located in the Southern District). See Daimler AG v. Bauman, 134 S.Ct. 746, 760 (2014) (noting typical example of an all-purpose forum for the exercise of "general personal jurisdiction over a corporation are a corporation's place of incorporation and principal place of business."). However, the place of incorporation is Indiana not Indianapolis, Indiana.

In addition, WWP asserts that the principal place of business is located in Indianapolis, Indiana and claims "Defendants cannot demonstrate that HIVI's principal place of business is in the Northern District of Indiana." (Filing No. 29, at ECF p. 6). The court notes two errors with this argument. First, it is WWP's burden to show venue is proper. Second, Graham included a declaration that his principal place of business is in the Northern District and all alleged activity occurred in the Northern District. Therefore, the court finds that the principal place of business is in Columbia City, Indiana in the Northern District.

Because, WWP failed to show that venue is proper in the Southern District, the court finds that venue is improper. The court need not consider the other issues before it. Nevertheless, simply because venue is improper, the court need not dismiss the case.

### B. Transferring the Case

The court may, pursuant to 28 U.S.C. § 1406(a), transfer the case to an appropriate court if it is in the interests of justice. This section was enacted in order to resolve a problem of "avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). A typical case involves the running of the statute of limitations. *See Farmer v. Levenson*, 79 Fed. Appx. 918, 919 (7th Cir. 2003).

Here, the court finds that it is in the interests of justice to transfer the case rather than dismiss it for improper venue. The articles of incorporation filed with the state of Indiana list the principal office address as Gathering Drive, Indianapolis, Indiana. Therefore, venue is only improper due to some "elusive fact" – the true principal place of business - unknown to WWP, and the court finds that dismissal would be disproportionate to the mistake. *See Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 608 (7th Cir. 2003) (noting that "dismissing the suit because of a mistake that is 'easy to commit' might be 'so disproportionate' a penalty as to constitute an abuse of discretion").

### IV. Conclusion

For the reasons stated above the court finds that venue is improper in the Southern District of Indiana. Nevertheless, the court **DENIES** the motion to dismiss (Filing No. 26) and instead **ORDERS** the Clerk of Court to **TRANSFER** this case to the United

States District Court for the Northern District of Indiana, Fort Wayne Division pursuant to 28 U.S.C. § 1406.

**SO ORDERED** this 12th day of March 2014.

                                                RICHARD L. YOUNG,  CHIEF JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy mailed to:

Dean Graham
Help Indiana Vets, Inc.
7945 North Brown Road
Columbia City, Indiana 46725